BEN ROBINSON, Plaintiff and Respondent, v. GEORGE W. SHIVELY et al., Defendants, JOHN D. GRUBER COMPANY, a Corporation, Defendant and Appellant.

(167 N. W. 388.)

**Conversion — personal property — wrongfully taken — value of — action to recover.**

This is an action to recover the value of personal property wrongfully taken from the possession of the plaintiff and sold on an execution against a third party. The facts stated clearly show the taking and conversion of the property, and that it was wrongful, and that plaintiff is clearly entitled to recover the value of his property, with interest and costs.

Opinion filed July 21, 1917. Rehearing denied October 3, 1917.

An appeal from the District Court of Towner County, Honorable C. W. Buttz, Judge.

Affirmed.

Cowan & Adamson and H. S. Blood, for appellant.

Kehoe & Moseley, for respondent.

ROBINSON, J. This action was commenced in justice court to recover $195, and interest, for the conversion of one dark brown mare named Floss. The plaintiff recovered judgment for $211.15 and the defendant appealed to the district court. Then, in April, 1915, judgment was rendered in favor of the plaintiff for $246.11, and the defendant appeals to this court. The appeal was filed November 11, 1915. While the records are voluminous, the case presented is very simple.

As the complaint and the evidence show, and as the trial court found, one C. G. Day was the owner of the mare, and he mortgaged the same, with other property, to Crocus State Bank to secure $1,500. Then, to Henry Hawkinson, he made a second mortgage on the same mare and other property, to secure $200. Then, to the defendant Gruber Company he made a third mortgage on the mare to secure $75. Then, in October, 1913, with consent of all the parties interested, Day made a public sale of all his property to satisfy the mortgages according to their priority. The sale was in legal effect a foreclosure. At said public auction the plaintiff purchased the mare fairly and in good faith and thereby acquired the right, title, and lien of both Day, the mortgagor, and the Crocus State Bank, the mortgagee, and the same was superior to all other titles and liens. At the sale made by Day pursuant to such agreement the agent of the third mortgagee was present and purchased and took certain personal property. Then under a warrant of foreclosure against Day the Gruber Company caused the sheriff to take from the plaintiff and levy on the mare in question. It is claimed defendant corporation did not consent to the auction sale, but its agent was present and purchased for it property at the sale. And we are agreed that there is evidence to justify the finding of the jury that defendant waived the lien of its mortgage. In any view that may be taken of the case, the plaintiff is clearly entitled to recover the value of the mortgage, with interest and costs. Judgment affirmed.